Richard G. Grant
Tex. Bar No. 08302650
CM LAW, LLP
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

ATTORNEYS FOR
TED VENTURES, LLC AND
TREND MEDICAL MANAGEMENT, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| DET DALLAS CLINICS, LLC and | § | Case No. 26-34294-SWE-11 |
| TREND PHYSICIANS GROUP, INC., | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |

**RENEWED MOTION FOR**
**EXAMINATION UNDER BANKRUPTCY RULE 2004**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON NOVEMBER 4, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TED Ventures, LLC and Trend Medical Management, LLC (collectively, "Creditors"), by and through their undersigned counsel, file this Renewed Motion for Examination Under

Bankruptcy Rule 2004 (this "Motion"), and respectfully move this Court pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure for an order authorizing the examination of Walker Robertson (Vice President of Finance, DET Dallas Clinics, LLC, and signer of the DET petition), Rebecca Warfield (Secretary, TREND Physicians Group, Inc., and signer of the TPG petition), Atul "Lucky" Chopra, Steven Ryan Reneau (former Executive Vice President and Chief Financial Officer of the Zoo Capital entities), and a corporate representative of Zoo Capital Holdings, LLC, regarding the Debtors' financial affairs, intercompany transactions, and the circumstances surrounding the bankruptcy filing. In support of this Motion, Creditors rely upon the Declaration of Derek Gove filed August 25, 2026 (ECF No. 15) (the "Gove Declaration") and state as follows.

**<u>RENEWAL AND PROCEDURAL BACKGROUND</u>**

1. This is a renewed motion. Creditors originally filed their Motion for Examination Under Bankruptcy Rule 2004 as ECF No. 21 in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Case No. 26-35975 (the "Original 2004 Motion"). On September 21, 2026, the Southern District Court entered an Order Granting Motion to Transfer Venue (ECF No. 52), transferring these cases to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. The Court simultaneously entered an Order (ECF No. 55) denying the Original 2004 Motion as moot solely because venue was being transferred. This Renewed Motion is now refiled in the transferee court.

2. Since the filing of the Original 2004 Motion, the following additional proceedings have occurred:

> a) On September 15, 2026, the Court entered the Order Lifting Stay (ECF No. 37), granting the Creditors' Motion for Relief from Automatic Stay (ECF No. 13) to permit the state-court litigation to proceed to trial.

b) On September 21, 2026, the Court entered the Order Granting Motion to Transfer Venue (ECF No. 52), transferring these cases to the Northern District of Texas, Dallas Division.

c) On September 21, 2026, the Court entered the Order Mooting Motions (ECF No. 55), denying the Original 2004 Motion (ECF No. 21) and the Motion for Appointment of a Chapter 11 Trustee (ECF No. 20) as moot solely because the case was being transferred.

d) On September 22, 2026, these cases were docketed in this Court as Case No. 26-34294-swe11 (Jointly Administered) and assigned to the Honorable Scott W. Everett, United States Bankruptcy Judge. (ECF No. 56.)

e) On September 21, 2026, the Debtors filed an Emergency Motion to Reconsider the Lift Stay Order (ECF No. 53), raising new CFAA allegations. On September 23, 2026, the Debtors refiled the Emergency Motion to Reconsider in this Court (ECF No. 58). On September 29, 2026, the Debtors filed a Notice of Withdrawal of Document withdrawing ECF No. 53 (ECF No. 61).

f) On September 21, 2026, the Debtors filed a Motion to Dismiss (ECF No. 54), noticed for hearing before the transferring court on November 3, 2026. On September 23, 2026, the Debtors refiled the Motion to Dismiss in this Court (ECF No. 59). On September 29, 2026, the Debtors filed a Notice of Withdrawal of Document withdrawing ECF No. 54 (ECF No. 60).

g) On September 23, 2026, the Texas Medical Board, through the Office of the Texas Attorney General, filed a Notice of Appearance and Request for Service of Papers (ECF No. 57).

h) On October 5, 2026, the United States Trustee filed a Notice of Appointment of Thomas Albert Mackey as Patient Care Ombudsman under 11 U.S.C. § 333 (ECF No. 63). On October 6, 2026, the Clerk issued a deficiency notice requiring an amended appointment using the correct event (ECF No. 64), and on October 13, 2026, the United States Trustee filed an Amended Notice of Appointment (ECF No. 66).

i) The Debtors have filed their Schedules (ECF No. 32, as amended), which show DET's only scheduled asset is a $10,454,701 counterclaim against the Creditors.

## **THE TRANSFERRING COURT'S FINDINGS UNDERSCORE THE NEED FOR RULE 2004 DISCOVERY**

3. When asked about DET's assets, the Debtors' own general counsel testified that DET 'does not have its own bank account' (Sept. 15, 2026 Unofficial Hr'g Tr. Vol. 2 at 9)[1], yet

[1] Quotations from the September 15, 2026 hearing are taken from an unofficial transcript prepared from the audio recordings of the proceedings maintained by the United States Bankruptcy Court for the Southern District of Texas.

the Debtors listed a $10.4 million counterclaim as DET's sole asset—underscoring the need for independent investigation of the Debtors' financial condition.

4. The general counsel could not identify who paid the $50,000 retainer for the Debtors' bankruptcy counsel: 'I don't recall, but I don't recall off the top of my head' (Sept. 15, 2026 Unofficial Hr'g Tr. Vol. 2 at 11). This is precisely the type of financial opacity that Rule 2004 discovery is designed to illuminate.

5. Judge Norman himself questioned the Debtors' reorganization prospects: 'what path forward do you see in this chapter 11 for these debtors? How do they plan to reorganize?' (Sept. 15, 2026 Unofficial Hr'g Tr. Vol. 2 at 14.) The vague answers confirm the estates' financial affairs require independent examination.

6. The testimony that Trend's revenue was approximately $57,000 over 60 days and was 'probably break even, if not a loss' (Sept. 15, 2026 Unofficial Hr'g Tr. Vol. 2 at 15–16), yet undocumented intercompany transfers of $29 million flowed through affiliate entities, establishes the need for examination of where estate funds went.

7. Zoo Capital's prior objection argued that the 2004 Motion was premature because schedules had not been filed. The schedules have now been filed and confirm that DET has NO assets other than the $10.4 million counterclaim against the Creditors themselves—which only heightens the need for examination.

## JURISDICTION

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. § 1409.

---

Official transcripts of the proceedings were ordered on September 23, 2026, with a fourteen-day turnaround. The official transcripts have not yet been received, and Creditors will supplement the record upon their completion.

## LEGAL STANDARD

9. Rule 2004(a) of the Federal Rules of Bankruptcy Procedure provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The scope of a Rule 2004 examination is deliberately broad and is not limited by the strictures of discovery under the Federal Rules of Civil Procedure.

10. Rule 2004(b) permits inquiry relating to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). Courts have consistently recognized that Rule 2004 examinations are broader in scope than discovery permitted under the Federal Rules of Civil Procedure. See *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("The scope of a Rule 2004 examination is unfettered and broad."); *In re GHR Energy Corp.*, 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983) (describing Rule 2004 examinations as "fishing expeditions").

11. Rule 2004(c) further provides that the court may order production of documents in connection with such examination. Fed. R. Bankr. P. 2004(c). "The court may, on its own initiative or on request of a party in interest, order the production of documents in connection with a Rule 2004 examination." A party seeking a Rule 2004 examination need only demonstrate that the examination is necessary to establish a claim or is related to the administration of the estate. See *In re Conduct of Vioxx Prods. Liab. Litig.*, 235 F.R.D. 334, 341 (E.D. La. 2006).

## PERSONS TO BE EXAMINED

12. Creditors seek examination of the following persons and entities:

a) Walker Robertson — Vice President of Finance, DET Dallas Clinics, LLC. Mr. Robertson signed the DET petition filed in this Court. As VP of Finance, Mr. Robertson has direct knowledge of DET's financial affairs, bank accounts, financial transactions, and intercompany transactions between DET and its affiliates.

b) Rebecca Warfield — Secretary, TREND Physicians Group, Inc. Ms. Warfield signed the TPG petition filed in this Court. As Secretary, Ms. Warfield has knowledge of TPG's operations, creditors, financial condition, and the circumstances surrounding the decision to file the TPG bankruptcy case.

c) Atul "Lucky" Chopra — Principal and sole controlling person of Zoo Capital Holdings, LLC, DET Dallas Clinics, LLC, TREND Physicians Group, Inc., and all affiliated entities. Mr. Chopra exercises sole authority over all financial transactions, bank accounts, and entity operations within the Debtor corporate family. Mr. Chopra's testimony is essential to understanding the flow of funds between entities, the capitalization of DET and TPG, and the circumstances leading to the bankruptcy filing.

d) Steven Ryan Reneau — former Executive Vice President and Chief Financial Officer of the Advanced Diagnostics group and of the Zoo Capital entities, including Cognizant Management Solutions, LLC and Advanced Diagnostics Health System, LLC. Mr. Reneau has direct knowledge of the intercompany transfers among the Chopra entities, the control of the group's bank and investment accounts, the factoring of receivables, and the capitalization of DET and TPG. Mr. Reneau was deposed in the state-court action on July 7, 2026.

e) Zoo Capital Holdings, LLC corporate representative (Rule 30(b)(6) designee) — Zoo Capital Holdings, LLC is the sole owner of DET Dallas Clinics, LLC. Zoo Capital is the non-debtor entity through which Mr. Chopra controls the Debtor chain. Examination of a Zoo Capital corporate designee is necessary to understand the parent-subsidiary relationship, intercompany transactions, and the capitalization of the Debtors.

## SCOPE OF EXAMINATION

13. The Rule 2004 examination of the above-listed persons will address the following topics, which relate directly to the Debtors' financial affairs, the administration of the estates, and potential causes of action available to the estates:

a) Pre-petition financial transactions of DET Dallas Clinics, LLC, TREND Physicians Group, Inc., and all affiliated entities, including but not limited to Zoo Capital Holdings, LLC, Cognizant Management Solutions, Advanced Diagnostics Health System, and Chopra Imaging Centers;

b) Intercompany transfers between DET, TPG, Zoo Capital, and all affiliated entities, including the $29,142,894.89 in undocumented transfers reflected at fiscal year end 2023;

c) Capitalization (or lack thereof) of DET Dallas Clinics, LLC and Zoo Capital Holdings, LLC, including initial capitalization and subsequent capital contributions;

d) Control of bank accounts and investment accounts, including Merrill Lynch account no. 23V-02863 titled in the names of Cognizant Management Solutions, LLC and Advanced Diagnostics Health System, LLC, and the identity of all signatories and persons with authority over such accounts, including the reasons the group's own Chief Financial Officer had no access to that account;

e) The December 28, 2023 factoring of approximately $47,000,000 in receivables — sixteen days after the APCA closing — for approximately $6,100,000 in immediate cash, including the identity of the purchaser, the terms of the transaction, the consideration received, and the disposition of the accounts receivable pledged as collateral under the Security Agreement and the related UCC-1 financing statement;

f) Use and disposition of funds received from the factoring of receivables, including all transfers to insiders, affiliates, or non-debtor entities;

g) Accuracy and completeness of the Debtors' schedules and Statements of Financial Affairs, which are due August 28, 2026 and have not yet been filed, including disclosures regarding transfers, payments to insiders, and pending litigation;

h) DIP compliance with reporting and operational requirements under the Bankruptcy Code, the Bankruptcy Rules, and any orders of this Court;

i) Circumstances surrounding the August 14, 2026 bankruptcy filing, including the identity of the decision-makers, communications with counsel, and the business justification for the filing;

j) Corporate governance and decision-making authority within DET, TPG, Zoo Capital, and all affiliated entities, including the role of Atul Chopra and the extent of his control;

k) The name change from AD Dallas Clinics to DET Dallas Clinics on the petition date, including the purpose of the change and its relationship to the bankruptcy filing.

l) The name change from AD Dallas Clinics to DET Dallas Clinics on the petition date, including the purpose of the change and its relationship to the bankruptcy filing;

m) The Enterprise Bank & Trust indebtedness of approximately $9,600,000, including the Debtors' obligations under Sections 3.01(k) and 3.02(c) of the Asset Purchase and Contribution Agreement to deliver payoff letters and to pay the holders of the Closing Indebtedness, the reduction of the Estimated Cash Purchase Price by the amount of that indebtedness, and the disposition of the funds represented by that reduction;

n) The reasons the Enterprise Bank & Trust liens on the Purchased Assets and on the equity of TREND Physicians Group, Inc. were never released, all communications with Enterprise Bank & Trust or its counsel concerning payoff, lien release, or UCC-3

terminations, and the resulting defaults, acceleration, forbearance agreements, and forbearance fees;

o) The Debtors' contention that the Enterprise Bank & Trust obligation constitutes Senior Debt conditioning payment of the $3,000,000 Subordinated Promissory Note, including the existence or non-existence of any subordination, intercreditor, or senior-debt instrument, and the identity of any person who reviewed or relied upon such an instrument;

p) The relationship between the Enterprise Bank & Trust collateral and the December 2023 factoring of receivables, including the $750,000 chargeback against the TED Ventures operating account in January 2024, and any use of proceeds that otherwise would have been available to satisfy the Enterprise Bank & Trust indebtedness.

14. Pursuant to Rule 2004(c) of the Federal Rules of Bankruptcy Procedure, Creditors request that the Court order production of the following documents within fourteen (14) days of entry of the order granting this Motion:

a) All bank statements for DET Dallas Clinics, LLC, TREND Physicians Group, Inc., Zoo Capital Holdings, LLC, Cognizant Management Solutions, Advanced Diagnostics Health System, and Chopra Imaging Centers from December 1, 2023 to the present;

b) All financial statements, balance sheets, income statements, and cash flow statements for the same entities and period;

c) All documents evidencing intercompany transfers, including journal entries, wire transfer records, and check images;

d) All factoring agreements, assignments of receivables, and related correspondence;

e) All corporate governance documents (operating agreements, bylaws, resolutions, minutes) for DET Dallas Clinics, LLC, TREND Physicians Group, Inc., and Zoo Capital Holdings, LLC;

f) Merrill Lynch account statements for account no. 23V-02863 from September 2023 to the present;

g) All communications between Atul Chopra and any factoring company or accounts receivable purchaser, including but not limited to emails, text messages, and written correspondence;

h) All documents relating to the capitalization of DET Dallas Clinics, LLC and Zoo Capital Holdings, LLC, including capital contribution records, loan documents, and equity issuances;

i) All documents relating to the decision to file these bankruptcy cases, including board resolutions, member consents, communications with counsel, and internal memoranda;

j) All documents relating to the name change of AD Dallas Clinics to DET Dallas Clinics, including amendments to organizational documents, state filings, and internal communications;

k) All documents relating to payments to Tran Singh, LLP for legal services in these cases, including engagement letters, invoices, fee agreements, and records of payment;

l) Tax returns (including all schedules and attachments) for DET Dallas Clinics, LLC, TREND Physicians Group, Inc., Zoo Capital Holdings, LLC, and all affiliated entities for fiscal years 2023, 2024, and 2025; and

m) All documents relating to the Enterprise Bank & Trust indebtedness, including loan agreements, notes, forbearance and modification agreements, payoff letters, senior-debt schedules, subordination or intercreditor agreements, UCC-1 and UCC-3 filings, lien-release correspondence, and all communications with Enterprise Bank & Trust or its counsel.

**THE 2004 EXAMINATION REMAINS NECESSARY NOTWITHSTANDING ZOO CAPITAL'S OBJECTION**

15. On September 15, 2026, Zoo Capital Holdings, LLC filed an Objection to Creditors' Motion for Examination Under Bankruptcy Rule 2004 (ECF No. 41). Zoo Capital contended that the 2004 examination was unnecessary in light of discovery conducted in the state-court litigation, Cause No. DC-25-05848. That objection should be overruled for the following reasons.

16. First, the bankruptcy estate has distinct interests that were not the subject of the state-court discovery. The Rule 2004 examination is directed at matters unique to the bankruptcy case, including potential avoidance actions under 11 U.S.C. §§ 544, 547, 548, and 550, DIP compliance with reporting and operational requirements, post-petition transactions, and the accuracy and completeness of the Debtors' schedules and statements of financial affairs. State-

court discovery—which was limited to the contract and fraud claims asserted by Creditors—did not and could not address these bankruptcy-specific issues.

17. Second, the Debtors have now filed their Schedules of Assets and Liabilities (ECF No. 32, as amended), which confirm the need for independent investigation. DET's Amended Schedule A/B reveals that DET's only scheduled asset is a $10,454,701 counterclaim against the Creditors themselves. DET reports no cash, no bank accounts, no equipment, no accounts receivable, and no operating business. These schedules raise serious questions about the completeness and accuracy of the Debtors' disclosures, the disposition of estate assets, and the existence of avoidable transfers—all proper subjects for Rule 2004 examination.

18. Third, the Debtors' Emergency Motion to Reconsider the Lift Stay Order (ECF No. 58) raises new CFAA allegations for the first time, alleging that former personnel accessed patient charts and computer systems without authority. These allegations—which were never raised during sixteen months of state-court litigation—require investigation to determine whether they have merit, whether they represent potential estate claims, or whether they are being raised solely as a litigation tactic. The Rule 2004 examination is the proper mechanism for such investigation.

19. Fourth, the § 341 meeting of creditors was originally set for October 13, 2026 in the Southern District of Texas but must be rescheduled in the transferee court. The Rule 2004 examinations will complement the § 341 meeting and allow Creditors to conduct a thorough investigation into the Debtors' financial affairs, which is essential given that the Debtors are now seeking to dismiss these cases and the DIP is controlled by Chopra, who has an irreconcilable conflict of interest.

## VII. PRAYER

WHEREFORE, Creditors respectfully request that this Court enter an order:

1. Authorizing the examination of Walker Robertson, Rebecca Warfield, Atul "Lucky" Chopra, Steven Ryan Reneau, and a Zoo Capital Holdings, LLC corporate representative (Rule 30(b)(6) designee) pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure;

2. Ordering the production of the documents described in Section VI above within fourteen (14) days of entry of the order granting this Motion;

3. Setting the examinations to occur within thirty (30) days of the date of the order granting this Motion, at a time and place to be agreed upon by the parties or, absent agreement, as set by the Court;

4. Granting such other and further relief as the Court deems just and proper.

Dated: October 14, 2026

Respectfully Submitted,

CM LAW, LLP

By: /s/ Richard Grant
Richard G. Grant
Tex. Bar No. 08302650

National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

ATTORNEYS FOR TED VENTURES, LLC and TREND MEDICAL MANAGEMENT, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has transmitted a true and correct copy of the foregoing (a) via the Court's Electronic Case Filing system to all persons participating therein on October 14, 2026; and (b) via United States First Class Mail, postage prepaid, on October 14, 2026 to each of the mailing addresses indicated on the service list attached hereto.

/s/ Richard Grant
Richard G. Grant

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for the Debtors and counsel for the Movants held extensive conferences by telephone regarding case administration and the relief requested herein, and the parties were unable to reach a resolution of this Motion at this time. The parties will continue to discuss the relief requested prior to the objection deadline and the hearing date. The motion is opposed.

/s/ Richard Grant
Richard G. Grant

**PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| DET DALLAS CLINICS, LLC and | § | Case No. 26-34294-SWE-11 |
| TREND PHYSICIANS GROUP, INC., | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |
| | § | |

**ORDER GRANTING MOTION FOR EXAMINATION UNDER BANKRUPTCY RULE 2004**

Upon consideration of the Renewed Motion for Examination Under Bankruptcy Rule 2004 filed by TED Ventures, LLC and Trend Medical Management, LLC (collectively, "Creditors"), the Court finds that the requested examinations and document production are within the scope of Bankruptcy Rule 2004. It is therefore:

ORDERED that the Motion is GRANTED;

ORDERED that the following persons and entities shall appear for examination under Bankruptcy Rule 2004 at a time and place to be noticed by Creditors within thirty (30) days of

entry of this Order:

(a) Walker Robertson, Vice President of Finance, DET Dallas Clinics, LLC;

(b) Rebecca Warfield, Secretary, TREND Physicians Group, Inc.;

(c) Atul "Lucky" Chopra;

(d) Steven Ryan Reneau; and

(e) A corporate representative of Zoo Capital Holdings, LLC designated pursuant to Federal Rule of Civil Procedure 30(b)(6).

ORDERED that the above-listed persons and entities shall produce the documents identified in the Motion within fourteen (14) days of entry of this Order; and

ORDERED that the Clerk shall serve a copy of this Order on all parties in interest.

### END OF ORDER ###

Submitted by:

Richard G. Grant
CM LAW, LLP
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

ATTORNEYS FOR TED VENTURES, LLC and
TREND MEDICAL MANAGEMENT, LLC