Richard G. Grant
Tex. Bar No. 08302650
CM LAW, LLP
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

ATTORNEYS FOR
TED VENTURES, LLC AND
TREND MEDICAL MANAGEMENT, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| DET DALLAS CLINICS, LLC and TRENDPHYSICIANS GROUP, INC., | § | Case No. 26-34294-SWE-11 (Jointly Administered) |
| | § | |
| | § | |
| Debtors. | § | |

**OBJECTION OF TED VENTURES, LLC AND TREND MEDICAL MANAGEMENT, LLC TO DEBTORS' AMENDED APPLICATION TO EMPLOY TRAN SINGH LLP AS COUNSEL**

TED Ventures, LLC and Trend Medical Management, LLC (collectively, "Creditors"), by and through their undersigned counsel, file this objection to the Debtors' Amended Application for Entry of an Order Authorizing the Employment of Tran Singh LLP as Counsel to the Debtors and Debtors in Possession (ECF No. 42) (the "Amended Application"), and respectfully state as follows:

## I. BACKGROUND

1. On September 9, 2026, the Debtors filed their Application to Employ Tran Singh LLP as Counsel (ECF No. 26) in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Case No. 26-35975. On September 17, 2026, the Debtors filed the Amended Application (ECF No. 42), which was set for hearing on October 20, 2026.

2. On September 21, 2026, the Southern District of Texas transferred these cases to this Court by order (ECF No. 52). On September 22, 2026, these cases were docketed in this Court as Case No. 26-34294-swe11 (Jointly Administered) and assigned to the Honorable Scott W. Everett, United States Bankruptcy Judge (ECF No. 56). The Amended Application's stated rationale relies in part on practice and local-rule familiarity in the transferor court.

3. The record identifies material disclosure issues concerning the source of the $50,000 retainer, Tran Singh's connections with non-debtor affiliates and affiliate-side counsel, and the role of the enterprise's general counsel in engaging and directing the firm.

## II. OBJECTION

4. The Amended Application and supporting declaration do not provide the complete record required for the Court to determine whether Tran Singh LLP may be employed under 11 U.S.C. § 327(a) and whether its compensation disclosures satisfy the Bankruptcy Rules.

### A. Source of Retainer Not Disclosed

5. Section 327(a) and Federal Rules of Bankruptcy Procedure 2014(a) and 2016(b) require disclosure sufficient to evaluate proposed employment and compensation. The Amended Application states only that the firm "was provided a $50,000.00 retainer." Amended Application ¶ 18. It does not identify the payor, the account from which the funds were drawn, or whether the payment was made by a Debtor, an affiliate, an insider, or another party.

6. The Singh Declaration states that Tran Singh received a $50,000.00 retainer on August 14, 2026, applied $18,696 to fees and expenses, and held the remaining $31,304 in its client trust account. Singh Declaration ¶ 6. The declaration identifies receipt and application of the funds, but not their source.

7. The hearing record confirms the omission. At the September 15, 2026 hearing, Jonathan Curth could not identify who paid the retainer or from what account. Sept. 15, 2026 Unofficial Hr'g Tr. Vol. 2 at 11.[1] Curth also testified that DET has no bank account of its own. Id. at 9. Curth testified that he is employed by Zoo Capital and paid through Cognizant Management Solutions. Id. at 5.

8. Without identification of the payor and source account, the Court cannot determine whether the retainer was estate property, an affiliate payment, an insider payment, or another transaction requiring disclosure under sections 327(a) and 2014(a) and Rule 2016(b). The Amended Application should not be approved on this record.

**B. Undisclosed or Insufficiently Disclosed Affiliate Connections**

9. Amended Application ¶ 19 discloses that Susan Tran Adams, a Tran Singh partner, is a patient of Advanced Diagnostics, a Debtor affiliate. It also discloses, only "upon further review," that Adams is married to Christopher Adams, a partner of Okin Adams Bartlett Curry LLP, which represents Zoo Capital Holdings, LLC.

10. Zoo Capital owns 100% of DET and is a defendant in the Creditors' litigation. The hearing record identifies litigation involving the Creditors, the Debtors, Zoo Capital, and Atul "Lucky" Chopra. See Sept. 15, 2026 Unofficial Hr'g Tr. Vol. 2 at 12. Claims involving Zoo Capital and Chopra are central to the administration of these estates.

11. The Amended Application does not identify all connections between Tran Singh and Zoo Capital, Chopra, Cognizant, Advanced Diagnostics, or other non-debtor affiliates, or

[1] Quotations from the September 15, 2026 hearing are taken from an unofficial transcript prepared from the audio recordings of the proceedings maintained by the United States Bankruptcy Court for the Southern District of Texas. Official transcripts of the proceedings were ordered on September 23, 2026, with a fourteen-day turnaround. The official transcripts have not yet been received, and Creditors will supplement the record upon their completion.

explain whether any such party participated in selecting, engaging, funding, or directing Tran Singh. A complete supplemental disclosure is required before employment is approved.

**C. Firm Engaged by and Taking Direction from Affiliate-Side Counsel**

12. The Singh Declaration states that Tran Singh was first contacted by Jonathan Curth on or about August 12, 2026 regarding the Debtors' financial distress and need for bankruptcy relief. Singh Declaration ¶ 6. The Amended Application likewise identifies Curth as the person who contacted proposed counsel. Amended Application ¶ 8.

13. Curth testified that he is general counsel for the entire enterprise, including the Debtors and non-debtor subsidiaries; that he is employed by Zoo Capital; and that he is paid through Cognizant Management Solutions. Sept. 15, 2026 Unofficial Hr'g Tr. Vol. 2 at 4–5. The record therefore requires disclosure of whether Tran Singh was engaged and directed solely by the Debtors or through an enterprise-level affiliate relationship.

14. The Amended Application and declaration do not adequately disclose the scope of Curth's authority, the identity of the person or entity that instructed Tran Singh, or whether any non-debtor affiliate participated in the engagement or direction of the firm. That omission is material where the estates have claims and disputes involving the same enterprise and its affiliates.

**D. Stated Local-Practice Justification No Longer Applies**

15. The Amended Application justifies Tran Singh's employment in part by citing its extensive practice before the Southern District of Texas and knowledge of that court's Bankruptcy Local Rules and practices. Amended Application ¶ 13. The cases have since been transferred to the Northern District of Texas by ECF No. 52. The stated local-practice rationale therefore no longer addresses the forum in which these cases will be administered.

16. This point does not require a conclusion that Tran Singh is unqualified. It requires the Debtors to address the current forum and provide a complete record supporting employment in this Court.

## III. RELIEF REQUESTED

WHEREFORE, Creditors TED Ventures, LLC and Trend Medical Management, LLC respectfully request that the Court enter an order granting the following relief:

(a) Sustain this objection and deny the Debtors' Amended Application to Employ Tran Singh LLP as Counsel;

(b) Alternatively, defer ruling on the Amended Application pending determination of the Creditors' Renewed Motion for Appointment of a Chapter 11 Trustee;

(c) Require the Debtors and Tran Singh to file a supplemental declaration under Bankruptcy Rules 2014(a) and 2016(b) identifying the payor and source account for the retainer and all connections with Zoo Capital, Atul "Lucky" Chopra, Cognizant Management Solutions, Advanced Diagnostics, and other affiliates, including any role in selecting, engaging, funding, or directing Tran Singh;

(d) Order that the $31,304 retainer balance remain held in Tran Singh's trust account pending further order of the Court; and

(e) Grant such other and further relief as the Court deems just and proper. Creditors reserve all rights, claims, objections, and remedies, including objections to fees, expenses, or later-discovered connections.

Dated: October 14, 2026

Respectfully Submitted,

CM LAW, LLP

By: /s/ Richard Grant
Richard G. Grant
Tex. Bar No. 08302650

National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

ATTORNEYS FOR
TED VENTURES, LLC AND
TREND MEDICAL MANAGEMENT, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has transmitted a true and correct copy of the foregoing via the Court's Electronic Case Filing system to all persons participating therein on October 14, 2026.

/s/ Richard Grant
Richard G. Grant