Richard G. Grant
Tex. Bar No. 08302650
CM LAW, LLP
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

ATTORNEYS FOR
TED VENTURES, LLC AND
TREND MEDICAL MANAGEMENT, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| DET DALLAS CLINICS, LLC and | § | Case No. 26-34294-SWE-11 |
| TREND PHYSICIANS GROUP, INC., | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |

**TED VENTURES, LLC AND TREND MEDICAL MANAGEMENT, LLC'S RESPONSE IN OPPOSITION TO DEBTORS' EMERGENCY MOTION TO RECONSIDER ORDER LIFTING AUTOMATIC STAY (ECF NO. 58; ORIGINALLY S.D. TEX. ECF NO. 53)**

TED Ventures, LLC and Trend Medical Management, LLC (collectively, "Creditors" or "Respondents"), by and through undersigned counsel, file this Response in Opposition to Debtors' Emergency Motion to Reconsider Order Lifting Automatic Stay, originally filed in the United States Bankruptcy Court for the Southern District of Texas as ECF No. 53 and refiled in this Court on September 23, 2026 as ECF No. 58 (the "Motion"), and respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Motion seeks extraordinary relief under Bankruptcy Rule 9023, but it identifies no manifest error of law or fact in the September 15, 2026 Order Lifting Stay (ECF No. 37). Instead, the Debtors offer a new legal theory on facts they admit were already known to

them and ask this Court to revisit stay relief based on a forum dispute that predated the evidentiary hearing. Neither ground supports reconsideration.

## BACKGROUND

### A. Procedural History

2. On August 25, 2026, Creditors filed their Motion for Relief from Automatic Stay to Continue State-Court Litigation (S.D. Tex. ECF No. 13) (the "Lift Stay Motion").

3. The Court held an evidentiary hearing on the Lift Stay Motion on September 15, 2026, at which Derek Gove and Jonathan Curth testified. See Sept. 15, 2026 Unofficial Hr'g Tr. Vol. 1 at 5–6; Vol. 2 at 14–16, 22–23.[1]

### B. Transfer and Refiling

4. On September 21, 2026, the Southern District of Texas entered the Order Granting Motion to Transfer Venue (ECF No. 52), and that order was docketed in this Court on September 22, 2026 as ECF No. 56.

5. Also on September 21, 2026, the Debtors filed the Motion in the Southern District of Texas as ECF No. 53, and on September 23, 2026 they refiled the Motion in this Court as ECF No. 58.

6. On September 29, 2026, the Debtors filed two notices of withdrawal in this Court. The first withdraws Docket No. 54, the Debtors' motion to dismiss these cases under 11 U.S.C. § 1112(b). ECF No. 60. The second withdraws Docket No. 53, which the docket identifies as a motion for joint administration. ECF No. 61. Neither notice withdraws the Motion, and neither states any reason for the withdrawal. ECF Nos. 60, 61. The Debtors' refiled motion to dismiss,

---

[1] Quotations from the Sept. 15, 2026 hearing are taken from an unofficial transcript prepared from the audio recordings of the proceedings maintained by the United States Bankruptcy Court for the Southern District of Texas. Official transcripts of the proceedings were ordered on September 23, 2026, with a fourteen-day turnaround, and Creditors will supplement the record upon their completion.

filed in this Court on September 23, 2026, remains pending and asks that, if the Court is not inclined to reconsider the Order Lifting Stay, these cases be dismissed without prejudice because the Debtors "currently have insufficient cash to fund both the administration of these cases and the underlying state court litigation." ECF No. 59 ¶ 5.

**C. Grounds Asserted in the Motion**

7. The Motion seeks reconsideration under Bankruptcy Rule 9023 on two asserted grounds. First, the Debtors contend that facts already known to them may support new counterclaims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and they request time to investigate further and seek leave to amend. Mot. ¶¶ 6–7, 9; Turner Decl. ¶ 6.

8. Second, the Debtors ask the Court to keep the stay in place while the United States District Court for the Northern District of Texas considers the Debtors' transfer motion and Creditors' remand motion in Civil Action No. 3:26-cv-02783-E. Mot. ¶ 8.

9. That forum dispute existed before the stay-relief hearing: removal was filed on August 19, 2026, the Debtors' transfer motion on August 20, 2026, Creditors' remand motion on September 10, 2026, and the Dallas County order voiding removal was signed on August 21, 2026. Mot. ¶ 8 & Ex. 2.

10. The same state-court order severed and abated the claims involving the Debtor Defendants and set trial only against the non-debtor defendants, Atul Chopra and Zoo Capital Holdings, LLC. Mot. Ex. 2 ¶¶ A, C, D.

11. The Motion's request for emergency treatment was tied to a state-court trial setting identified as October 9, 2026. Mot. ¶ 10.

12. The Motion thus seeks to revisit a stay-relief ruling that followed an evidentiary hearing, live testimony, and findings from the bench, without pointing to evidence that was previously unavailable at the time of that hearing.

## ARGUMENT

### A. Rule 9023 Provides Narrow Relief

13. Bankruptcy Rule 9023 incorporates Federal Rule of Civil Procedure 59(e). Relief under Rule 59(e) is limited to manifest error of law or fact or newly discovered evidence, and the rule may not be used to relitigate matters or raise arguments that could have been raised before entry of the order. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004).

14. The Motion does not identify any manifest error in the Order Lifting Stay. It instead reargues whether stay relief should have been granted and offers issues that either were known before the hearing or belong to the forum now handling the underlying litigation.

15. That is not Rule 9023 relief. The Court had the relevant record before it on September 15, 2026, heard live testimony, and ruled from the bench. Sept. 15, 2026 Unofficial Hr'g Tr. Vol. 2 at 22–23.

16. Because the Debtors show neither newly discovered evidence nor manifest error, the Motion should be denied.

### B. The CFAA Allegations Are Not Newly Discovered Evidence

17. The Debtors' own supporting declaration defeats any claim of newly discovered evidence. Turner states that "[t]hese facts have been pleaded in the underlying TED Litigation" and that the Debtors only "did not understand, until consultation with healthcare counsel, that these facts may support additional federal causes of action." Turner Decl. ¶ 6. A new legal theory based on facts already known is not newly discovered evidence under Rule 59(e). The Motion

likewise says only that the facts "may" support claims "subject to further investigation." Mot. ¶¶ 6, 9. Nothing in the Order Lifting Stay prevents the Debtors from seeking leave to amend their counterclaims in the forum where the litigation proceeds, and the stay does not bar the Debtors from prosecuting their own claims.

**C. The Removal and Remand Dispute Is Not a Basis for Reconsideration**

18. The Motion's second ground fares no better. The removal, transfer, and remand issues all existed before the September 15 hearing. Mot. ¶ 8 & Ex. 2.

19. Those issues belong to the District Court handling Civil Action No. 3:26-cv-02783-E. They do not alter the stay-relief analysis under 11 U.S.C. § 362(d), particularly where the state court had already severed and abated the claims against the Debtor Defendants and set trial only against the non-debtor defendants. Mot. Ex. 2 ¶¶ A, C, D.

20. Nor does the Order Lifting Stay prevent the Debtors from pursuing their own claims or seeking leave to amend in the forum where the litigation proceeds. The stay protects the debtor; it does not bar a debtor from prosecuting claims the debtor wishes to assert.

**D. The Court's Findings Remain Unchanged**

21. The Court's findings at the evidentiary hearing remain unchanged. Judge Norman observed that "bankruptcies filed on the eve of trial, especially state court trials are in this court's eyes somewhat suspect" and "[t]hey always have the appearance of simply avoiding trial and avoiding what I would consider to be a final reckoning." Sept. 15, 2026 Unofficial Hr'g Tr. Vol. 2 at 22.

22. The Court also addressed the status of discovery directly: "If your discovery deadlines are passed, which there's an allegation they are, I wouldn't reopen them. They're done. You're finished." Sept. 15, 2026 Unofficial Hr'g Tr. Vol. 2 at 14.

23. And the Court made an express burden finding under section 362(g): "the debtor bears the burden of proof on many matters under 362(g)" and "the debtor has failed to meet their burden under 362(g) as to why the stay should not be lifted." Sept. 15, 2026 Unofficial Hr'g Tr. Vol. 2 at 23. The Motion identifies nothing that disturbs those findings.

**E. The Supporting Declaration Has Evidentiary Deficiencies**

24. The Motion's supporting papers contain facial irregularities the Court may consider in evaluating the weight to give them. Exhibit 1 is captioned "Declaration of Jonathan Curth in Support of Debtors' Emergency Motion to Reconsider Order Lifting Automatic Stay," but the declarant is Robert Turner. Mot. Ex. 1.

25. The same exhibit recites a Texas jurat—"State of Texas" and "County of Harris"—and states it was "subscribed and sworn to" on "September 18, 2026," while the notarization reflects an online notarization in Broward County, Florida dated 09/20/2026. The Motion separately includes a "verification of accuracy" signed by Jonathan Curth, although the Motion itself states that Curth testified regarding his experience in business transactions rather than litigation. Mot. at 7; Mot. ¶ 4; Sept. 15, 2026 Unofficial Hr'g Tr. Vol. 2 at 14. The declaration also supplies no dates, patients, systems, or identified persons.

**F. Any Claimed Emergency Is Stale**

26. The asserted emergency was tied to a trial setting the Motion identified as October 9, 2026. Mot. ¶ 10. That stated basis for emergency consideration is now stale on its face. The present record does not show any current emergency requiring reconsideration of the September 15 Order. At most, the Motion shows that the Debtors preferred additional time to investigate and additional time for the District Court to address forum questions already pending

elsewhere. Neither circumstance is a proper basis to unwind the Order Lifting Stay under Rule 9023.

27. The Motion should therefore be denied in full, and the Order Lifting Stay (ECF No. 37) should remain in full force and effect.

**PRAYER**

WHEREFORE, Creditors TED Ventures, LLC and Trend Medical Management, LLC respectfully request that this Court:

(a) Deny the Motion in its entirety;

(b) Order that the September 15, 2026 Order Lifting Stay (ECF No. 37) remains in full force and effect;

(c) Deny any request to continue or reinstate the automatic stay pending proceedings in Civil Action No. 3:26-cv-02783-E; and

(d) Grant such other and further relief as the Court deems just and proper.

Dated: October 14, 2026

Respectfully Submitted,

CM LAW, LLP

By: /s/ Richard Grant
Richard G. Grant
Tex. Bar No. 08302650

National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

ATTORNEYS FOR
TED VENTURES, LLC AND
TREND MEDICAL MANAGEMENT, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has transmitted a true and correct copy of the foregoing via the Court's Electronic Case Filing system to all persons participating therein on October 14, 2026.

/s/ Richard Grant
Richard G. Grant