**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | | **Case No. 26-34294-swe11** |
| **DET DALLAS CLINICS, *et al.*,** **(Jointly Administered)** | | |
| ***Debtors*.** | § | **Chapter 11** |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**TO THE HONORABLE SCOTT W. EVERETT,**
**UNITED STATES BANKRUPTCY JUDGE:**

**Patient Care Ombudsman Supplemental Report**

On October 5, 2026, the Court appointed Thomas A. Mackey, PhD, APRN-BC, FAAN, FAANP as the Patient Care Ombudsman (PCO) in the DET Dallas Clinics, et al. (Debtor) Case No: 26 34294-swe11. The PCO's task is to monitor and report the quality and safety of patient care being delivered by the Debtor. The PCO recently filed a first visit report.

After the initial visit an additional issue related to patient records came to the PCO's attention. The PCO reviewed Case 3:26-cv-02783-S Document 30 Filed 10/15/26 titled PLAINTIFFS' BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM. On page 4 the document states:

"The only new substantive claim in the proposed pleading is Count Six, which AD asserts

against TED alone. ECF 14-1 ¶¶ 60–65. Its factual basis is two paragraphs. Paragraph 33 alleges that on April 10 and 11, 2025, "an employee of Plaintiff TED Ventures, LLC accessed software and records to view and download Defendants' patient information"; that Defendants then "owned the license to the related medical software and records"; and that the employee "simultaneously locked Defendants out of their own software, disrupting their operations and causing a complete loss of access to information vital to perform services for their patients." *Id.* ¶ 33. Paragraph 61 repeats the allegation, stating that TED "accessed and downloaded medical records owned by Defendant AD, using AD's computer systems, without access," and that the conduct "disrupted Defendants' medical operations and intentionally damaged their business." *Id.* ¶ 61. Paragraphs 62 through 65 then recite the elements: AD's computers are "protected computers"; TED acted "knowingly and with intent to defraud" and "without authorization and/or in excess of authorized access"; "defendants furthered the intended fraud and obtained unauthorized use of AD's protected computer system, and the value of that use exceeds more than $5,000 in any one-year period"; and AD "is entitled to damages under that Act." *Id.* ¶¶ 62-65.

The proposed pleading does not identify the alleged employee. It does not say what software or records were accessed, whether the employee had credentials, whether anyone had revoked them, or how access was obtained. It does not describe what was downloaded or what happened to it. It does not say how long Defendants were "locked out," what it cost them to respond, what data or systems were impaired, or whether any patient's care was affected. And it pleads no dollar amount of damage or loss. The same April 2025 events are also alleged in the state-law counts that Defendants have long asserted: Count Two alleges that Plaintiffs' officers were "[u]sing, accessing, disrupting, modifying, and/or changing AD's confidential

information," *id.* ¶ 44(c), and Count Three alleges "misappropriation and improper use of AD's confidential information" and "continuing access to AD's valuable and confidential business information and records," *id.* ¶¶ 49, 51."

The PCO has no way to determine if "A CFAA claim has distinct elements and requires different proof: how AD's systems are configured and hosted; who held credentials and when they were revoked; what access logs show; whether any data was impaired; what AD spent responding; and whether it suffered a loss that qualifies under 18 U.S.C. § 1030(e)(11) and a statutory factor under 18 U.S.C. § 1030(c)(4)(A)(i). "

The assertion that "TED's employee accessed AD's records and locked AD out of its software on April 10-11, 2025" is concerning to the PCO and probably needs further investigation as directed by the Court. If true, patient safety/confidentiality may have been compromised.

Recommendations

1. Further discovery is needed to determine if there are any patient safety/confidentiality concerns.
2. The Texas Medical Board, or some other responsible State of Texas regulatory/investigative entity, would be helpful to determine details of the potential breach of patient records.

Respectively submitted by

Thomas A. Mackey, PhD, ARNP-BC, FAAN, FAANP

2883 Palomino Springs

Bandera, Texas 78003

(713) 775-2892 tmackey70@gmail.com October 26, 2026